113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ramanna MURTI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70263.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 17, 1997.
Decided May 5, 1997.
 
 1
 Petition for Review of a Decision of the Board of Immigration Appeals, No. Ave-wre-vyz.
 
 BIA
 
 2
 AFFIRMED.
 
 
 3
 Before: D.W. NELSON, FERNANDEZ, Circuit Judges, and REA,* District Judge.
 
 
 4
 MEMORANDUM**
 
 
 5
 Ramanna Murti, a native of Fiji, appeals the decision of the Board of Immigration Appeals ("BIA") denying his request for asylum and his application for withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a), and we affirm.
 
 
 6
 We review the BIA's determination of eligibility for asylum for substantial evidence. Rodriguez-Matamoros v. INS, 86 F.3d 158, 160 (9th Cir.1996). The decision "must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)). The BIA's determination of whether or not to withhold deportation also is reviewed for substantial evidence. Aruta v. INS, 80 F.3d 1389, 1393 (9th Cir.1996).
 
 
 7
 Under the Immigration and Nationality Act, the Attorney General has discretion to grant asylum to an applicant who is unwilling to return to his native country because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1158(a), 1101(a)(42)(A). Past persecution and a well-founded fear of future persecution constitute separate grounds for establishing eligibility for asylum. Lopez-Galarza v. INS, 99 F.3d 954, 958 (9th Cir.1996).
 
 
 8
 We conclude that the BIA's determination that Murti is not eligible for asylum is supported by substantial evidence. The abuse to which Murti was subjected is similar to the maltreatment suffered by the petitioner in Kalma Prasad v. INS, 47 F.3d 336 (9th Cir.1995). In Kalma Prasad, the petitioner, an Indo-Fijian, was detained for 4-6 hours by a group of ethnic Fijians, hit in the stomach and kicked from behind, questioned about his support for the Labour Party, and "assumed that if he continued his active support for the ... Party, he would again be arrested and beaten." Id. at 339-40. This court concluded that the abuse was not so "overwhelming" to compel a finding of past persecution. Compare Gaya Prasad v. INS, 101 F.3d 614, 616 (9th Cir.1996) (denial of eligibility for asylum reversed where applicant was jailed for 5 days and then 2 days, "beaten with a gun," "urinated on by his military interrogators," and "forced to lick the officers' spit off the floor"). We cannot say that the abuse suffered by Murti was so "overwhelming" that a reasonable factfinder would be compelled to conclude that Murti suffered past persecution.
 
 
 9
 Likewise, the BIA's conclusion that Murti failed to establish a well-founded fear of future persecution is supported by substantial evidence. The BIA relied upon an advisory opinion issued by the State Department's Office of Asylum Affairs, which concluded that "[w]hile there has been considerable tension in Fiji between the indigenous Fijian population and the Indian population, there is no evidence that members of the Indian community have been consistently mistreated in the manner claimed by [Murti]." The advisory opinion also noted that "[p]olitical developments in Fiji in 1987 did result in some mistreatment but this was of short duration and has not been repeated."
 
 
 10
 Murti fears that he will be harassed and killed by ethnic Fijians if he returns to Fiji. Murti bases this fear upon the fact that ethnic Fijians "already hit [him]," and "already told [him] that [they're] going to kill [him]." Murti indicated that these actions occurred as early as 1988 and 1989. However, Murti remained in Fiji until 1992 without further harm to his person; indeed, he never moved from the village in which he was subjected to these abusive threats. These facts, together with the advisory opinion, constitute substantial evidence sufficient to support the BIA's conclusion that Murti has not established a reasonable fear of future persecution.
 
 
 11
 Because the BIA did not err in determining that Murti failed to establish a well-founded fear of future persecution, it follows that Murti necessarily has failed to meet the more stringent test for withholding of deportation. See Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995).
 
 CONCLUSION
 
 12
 The BIA's decision to deny Murti's application for asylum and withholding of deportation is AFFIRMED.
 
 
 
 *
 The Honorable William J. Rea, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3